## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Chad Tyree,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0941**    (BOR Appeal No. 2056700)
(Claim No.: 2017029055)

**State Electric Supply Company,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Chad Tyree appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Respondent State Electric Supply Company filed a timely response.[1] The issue on appeal is whether physical therapy and pain management are medically related and reasonably required treatment for Mr. Tyree's compensable injury. The claims administrator denied his request for physical therapy and pain management on August 25, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the denial of physical therapy and pain management in its April 20, 2021, final decision, which was affirmed by the Board of Review on October 21, 2021. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Tyree, a truck driver, filed an application for benefits on June 2, 2017, for a back injury he suffered on May 31, 2017. He stated that he experienced low back pain after loading a truck. Kim Nemati, PAC, diagnosed him with lumbar muscle sprain due to an occupational injury. The claim was held compensable for low back strain by the claims administrator on June 14, 2017. An MRI of the lumbar spine from Plateau Medical Center dated May 19, 2018, revealed a moderate to large, centrally located, disc herniation at the L4-5 level. No acute findings or compression fractures were seen, and no paraspinous masses were identified. There was also no abnormal signal intensity revealed to suggest an acute ligamentous injury.

Ms. Nemati completed a diagnosis update form to add degeneration of lumbar intervertebral disc and displacement of lumbar intervertebral disc without myelopathy to the claim.

---

[1]Chad Tyree is represented by Reginald D. Henry, and State Electric Supply Company is represented by Maureen Kowalski.

In an order dated December 12, 2018, the claims administrator updated Mr. Tyree's diagnosis to include disc herniation at L4-L5, and authorized physical therapy.[2]

Mr. Tyree underwent a repeat MRI at Plateau Medical Center on October 1, 2019, for his lumbar spine. The impression was a large central disc herniation at L4-5, similar to the prior examination of May 19, 2018. The MRI revealed a localized left paracentral disc herniation at the L5-S1 level, which represented interval change from the previous exam. However, there was no acute fracture or subluxation. Ms. Nemati referred Mr. Tyree to seek treatment with John H. Schmidt III, M.D, at West Virginia OrthoNeuro. In an office note dated November 14, 2019, Dr. Schmidt reported an impression of other intervertebral disc displacement, lumbar region, and strain of muscle, fascia and tendon of lower back, initial encounter. Dr. Schmidt summarized Mr. Tyree's condition as chronic musculoskeletal mechanical back strain superimposed on a degree of degenerative arthropathy and a small central herniated disc at L4-L5. Dr. Schmidt did not see evidence of straightforward surgically remediable spine pathology. Mr. Tyree was found to be at his maximum degree of medical improvement, and Dr. Schmidt recommended visiting with a pain management specialist to determine if treatment should include facet injections, ablation, or epidurals.

Paul Bachwitt, M.D., submitted an independent medical evaluation report dated March 16, 2020. Dr. Bachwitt reviewed the medical records, including the updated records, and performed a detailed physical examination. Range of motion was measured three times, along with testing for forward bending, lumbar flexion, backward bending, lumbar extension, and side bending. Hip flexion was full strength. Dr. Bachwitt saw no clinical findings of a herniated disc and found that Mr. Tyree had a mechanical back strain superimposed on a degree of spondylitic arthropathy and a small disc herniation at L4-L5 with no straightforward surgically remediable spine pathology.

An Attending Physician's Report and Referral Order from Ms. Nemati, dated June 8, 2020, was submitted reporting a treatment plan for physical therapy referral. On June 25, 2020, Dr. Bachwitt issued an addendum report addressing Ms. Nemati's request for physical therapy, as well as a possible request for pain management. Dr. Bachwitt opined that based on his examination of March 16, 2020, requests for additional physical therapy and pain management are not necessary or related to Mr. Tyree's compensable injury of May 31, 2017. Dr. Bachwitt explained that at the time of his examination, he did not find any clinical evidence of a herniated disc, and he believes Mr. Tyree had reached maximum medical improvement at that time. Dr. Bachwitt opined that any ongoing symptoms of Mr. Tyree's lumbar spine are most likely related to preexisting degenerative changes to his lumbar spine and not the compensable injury of May 31, 2017.

Mr. Tyree testified concerning the compensable injury at a deposition on June 15, 2020. He testified that he had not been involved in any other accident after the date of his compensable injury. He explained that, as a result of his lower back injury, he has to make accommodations for his back, has difficulty sleeping, and his pain has progressed to where pain and numbness goes down into his legs. Mr. Tyree testified that he has difficulty with his current job and experiences

---

[2]Mr. Tyree attended a total of nine weeks of physical therapy at Active Recovery through May 28, 2019.

pain while working. He stated that he felt that he had been held back from getting the medical care needed for him to improve, and he still wants an opportunity to seek treatment at the pain management clinic.

In an order dated August 25, 2020, the claims administrator denied authorization for physical therapy and pain management. Mr. Tyree protested the claims administrator's decision. In support of the protest, Ms. Nemati submitted correspondence dated November 4, 2020, stating that she believes pain management would be of benefit and was medically necessary for the treatment of Mr. Tyree's back pain. Mr. Tyree also testified, once again via deposition, on November 4, 2020, stating that he has pain every day as a result of his low back injury. Mr. Tyree stated that he currently works at Southern States running a register.

By order dated April 20, 2021, the Office of Judges affirmed the claims administrator's order denying authorization for the requested treatment. The Office of Judges noted that Ms. Nemati requested physical therapy for the diagnosis of low back strain, and it was appropriate for the claims administrator to deny the request because West Virginia Code of State Rules § 85-20-37.5 estimates that the duration of care for a lumbar sprain/strain is zero to four weeks, not to exceed eight weeks. Mr. Tyree was previously granted an initial round of physical therapy, and he was discharged from care on May 28, 2019. The Office of Judges reasoned that because the current request for physical therapy on June 8, 2020, was clearly greater than eight weeks from the date of injury, physical therapy would not be appropriate treatment under West Virginia Code of State Rules § 85-20-37.5.

In addressing the request for a pain management referral, the Office of Judges noted that Dr. Bachwitt opined that the request is not medically related and reasonably required medical treatment because it is not related to Mr. Tyree's compensable injury of May 31, 2017. Dr. Bachwitt believed that the ongoing lumbar spine symptoms and any treatment required for Mr. Tyree's low back would most likely be related to preexisting degenerative changes to his lumbar spine and not the compensable injury. Because the Office of Judges found that the requests for treatment are not for an injury or disease received in the course of and resulting from Mr. Tyree's employment, the claims administrator's order dated August 25, 2020, was affirmed. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision on October 21, 2021.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

On appeal, Mr. Tyree argues that his primary care provider is in the best position to evaluate his treatment to address his compensable injury, and she believes that the requested treatment is

medically necessary and reasonably related to the compensable injury of May 31, 2017. Mr. Tyree asserts that the medical evidence of record supports the opinion of Ms. Nemati, who requested physical therapy on June 8, 2020, and stated that pain management was medically necessary for the treatment of Mr. Tyree's back in a letter dated November 4, 2020.[3]

After review, we agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review. Both Drs. Schmidt and Bachwitt found that Mr. Tyree has reached maximum medical improvement from the compensable injuries in the claim. The Office of Judges correctly found that it was appropriate for the claims administrator to deny Mr. Tyree's request for physical therapy because the request is beyond the duration of care established by West Virginia Code of State Rules § 85-20-37.5. The Office of Judges also correctly affirmed the denial of Mr. Tyree's request for a referral to pain management because Dr. Schmidt, who stated that Mr. Tyree could be referred to pain management for a consultation to manage the chronic aspect of his condition, failed to state that his suggestion for a referral to pain management is related to the compensable injury. Likewise, Ms. Nemati, who submitted correspondence dated November 4, 2020, stating that pain management would be of benefit and medically necessary for the treatment of Mr. Tyree's back pain, also failed to state whether or not the requested treatment is related to the compensable injury. Therefore, based upon the unrebutted report of Dr. Bachwitt, the Office of Judges and Board of Review did not err in affirming the denial of Mr. Tyree's requests for physical therapy and pain management.

Affirmed

**ISSUED: September 14, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Justice John A. Hutchison

---

[3]A separate formal request was not submitted into the record for a referral to pain management. It appears that Mr. Tyree's request for pain management stemmed from Dr. Schmidt's November 14, 2019, treatment note stating that Mr. Tyree could be referred to pain management for a consultation to manage the chronic aspect of his condition. Ms. Nemati's letter stating that she believed pain management was medically necessary to treat Mr. Tyree's back pain was submitted after the claims administrator's August 25, 2020, order denying authorization for physical therapy and pain management.

4